**Mario Rene DISCUA–CASTILLO, a.k.a. Mario Castillo, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74312.**

United States Court of Appeals, Ninth Circuit.

---

Submitted March 16, 2010.*

Filed March 25, 2010.

Lilia S. Velasquez, Esquire, Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

Russell J.E. Verby, Esquire, John D. Williams, Esquire, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Mario Rene Discua–Castillo, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

The record does not compel the conclusion that Discua–Castillo established ex-traordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, Discua–Castillo's asylum claim fails. In addition, we reject Discua–Castillo's contention that the BIA's determination violated due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

We reject Discua–Castillo's claim that he is eligible for withholding of removal on account of his anti-gang political opinion, or based on his membership in a particular social group, namely Hondurans actively opposed to gangs. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–47 (9th Cir. 2008). In addition, substantial evidence supports the BIA's finding that Discua–Castillo failed to establish gang members targeted him and his family on account of their familial relationship. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Accordingly, because Discua–Castillo failed to demonstrate that he was persecuted or that he fears persecution on account of a protected ground, we deny the petition as to his withholding of removal claim. *See Santos–Lemus,* 542 F.3d at 748.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.